**U.S. Department of Justice**

Northern District of Iowa

United States Attorney

*Shipping Address:*

*401 First Street S.E.*
*Suite 400*
*(319) 363-6333*
*FAX (319) 363-1990*
*TTY (319) 286-9258*

March 3, 2009

The Honorable Jon S. Scoles
Magistrate Judge
United States District Court
101 First Street SE
Cedar Rapids, IA 52401

    Re:   *United States v. Stephen Ancier, M.D.*
           Case No. CR 08-1318

Dear Judge Scoles:

    I am writing in regard to the Rule 11 hearing in the above entitled matter, which is presently scheduled to be held at 1:30 p.m. on March 5, 2009.

    Defendant, Stephen Ancier, has indicated he will plead guilty to Count 1 of the August 6, 2008, Indictment.

    Count 1 charges defendant with a violation of 21 U.S.C. § 846 for conspiring with others to:

1)    To dispense and cause to be dispensed Schedule III controlled substances outside of the usual course of professional practice and without legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); and

2)    To dispense and cause to be dispensed Schedule IV controlled substances outside of the usual course of professional practice and without legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D)(2).

    Defendant has also agreed to the criminal forfeiture of $465,955.

## STATUTES

Title 21, United States Code, Section 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense . . . .

Title 21, United States Code, Section 841(a)(1) provides:

> (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally -
>
> > (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

Title 21, Code of Federal Regulations, Section 1306.04 provides:

> A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his [or her] professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.

## ELEMENTS OF THE OFFENSE

The essential elements of Count 1 of the Indictment are:

*One*,  Between about early 2002 and continuing through at least February 2004, in the Northern District of Iowa and elsewhere, two or more persons reached an agreement or came to an understanding to distribute Schedule III and Schedule IV controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 841(b)(1)(D)(2);

*Two,*  The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect; and

*Three,*  At the time the defendant joined in the agreement or understanding, he knew the purpose or purposes of the agreement or understanding.

March 3, 2009
Page 3

The crime of unlawful dispensing controlled substances by a physician, as alleged in the body of the Indictment in connection with the drug conspiracy, has five essential elements, which are:

*One,*   A physician dispensed or distributed controlled substances;

*Two*,   The physician did so knowingly and intentionally;

*Three*,   The controlled substances were not dispensed in the usual course of medical practice;

*Four*,   The controlled substances were dispensed without a legitimate medical purpose; and

*Five*,   The physician knew at the time he or she dispensed the controlled substances that the controlled substances had no legitimate medical purpose or was deliberately reckless or willfully blind regarding whether the controlled substances had a legitimate medical purpose.

## MAXIMUM PENALTIES

The defendant is subject to the following penalties, pursuant to Title 21, United States Code, Section 841(b)(1)(D):

Imprisonment of up to five years
A fine of up to $250,000
A term of supervised release of at least two years and up to life on supervised release
A mandatory special assessment of $100

## FACTUAL BASIS FOR THE PLEA

A factual basis for the plea is contained in the plea agreement, which will be forwarded separately to the Court.

## PLEA AGREEMENT

The parties have reached a signed plea agreement, which will be introduced during the plea hearing in this matter.

March 3, 2009
Page 4

## FORFEITURE

Defendant has agreed to entry of a forfeiture judgment against him at the time of sentencing. The forfeiture allegation, included in the August 6, 2008, Indictment, relates to $465,955. These funds were the proceeds defendant received from his work for Medical Web Services. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), the United States asks the Court to make a finding in the Report and Recommendation accepting defendant's guilty plea that the government has established the requisite nexus between the property described in the forfeiture allegation and defendant's offense. The United States will also ask the Court to enter a Preliminary Order of Forfeiture related to this same property, which will be submitted separately. See Fed. R. Crim. Pro. 32.2(b)(2).

## APPEAL WAIVER

The plea agreement entered into by the parties contains a waiver of defendant's right to appeal and to collaterally attack the sentence. Pursuant to Federal Rule of Criminal Procedure 11(b)(N), the United States asks the Court to address defendant's appeal waiver at the time of the guilty plea hearing in this matter.

I hope this information will be helpful to the Court.

Sincerely,

MATT M. DUMMERMUTH
United States Attorney

By, *s/ Stephanie M. Rose*

STEPHANIE M. ROSE
Assistant United States Attorney

cc: Michael Lahammer, Esq.